# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00492-CR

**Kelvin Wilkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 2024267, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

At a bench trial, appellant Kelvin Wilkins was found guilty of habitual theft. *See* Tex. Pen. Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2004). The court also found that appellant had two previous non-theft felony convictions and imposed a twelve-year prison sentence. *See id*. § 12.42(a)(2) (West Supp. 2004). Appellant contends the evidence is legally and factually insufficient to sustain his conviction. We find this claim to be without merit and affirm.

Adolfo Trevino, a loss-prevention officer at an Austin Wal-Mart store, testified that he saw appellant wrap a compact disc player and several discs in a shirt and place them in his shopping cart. Trevino found this behavior to be suspicious, so he followed appellant. As appellant made his way through the store, he placed the compact disc player, then the discs, inside his pants. Appellant paid for the items remaining in his cart and left the store. When Trevino approached him

in the parking lot and identified himself, appellant tipped over his shopping cart and fell to the ground. He began to shout that Trevino had broken his leg. The compact disc player and five discs, valued at $147.17, fell from appellant's pants. Appellant was later examined by a doctor, who found that he had no injuries.

Appellant testified that he entered the store with several hundred dollars in cash and purchased approximately $200 worth of merchandise. Appellant said that as he left the store, he was hit from behind and the contents of his cart spilled onto the ground. Appellant denied putting the items in his pants and suggested that the cashier had mistakenly failed to scan them.

Appellant argues that he had no reason to steal the player and discs because he had plenty of money to pay for them, and he points out that he did pay for several hundred dollars of merchandise. Appellant also argues that Trevino's testimony should not be credited because he was shown to have a criminal record. Appellant's credibility suffers from the same defect, however, and in any event, the relative credibility of the witnesses was a question for the court as trier of fact. Viewing the evidence in the light most favorable to the conviction, the court could rationally find beyond a reasonable doubt that appellant unlawfully appropriated the property in question with the intent to deprive.[1] *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (legal sufficiency standard); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (same). Viewing the evidence neutrally, the proof of appellant's guilt is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the court's determination. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000) (factual sufficiency standard).

---

[1] Appellant does not question the proof of his previous convictions.

2

We overrule the two points of error and affirm the judgment of conviction.


_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices B. A. Smith and Patterson

Affirmed

Filed:   March 25, 2004

Do Not Publish